**RURAL WATER DISTRICT NO. 1, ELLSWORTH COUNTY, KANSAS, commonly known as Post Rock Rural Water District, a/k/a Ellsworth County Rural Water District No. 1, Plaintiff,**

v.

**CITY OF WILSON, KANSAS, Defendant.**

No. 96–1297–WEB.

United States District Court,
D. Kansas,
Wichita Division.

Dec. 22, 1998.

*Memorandum and Order*

WESLEY E. BROWN, Senior District Judge.

This matter is before the court on plaintiff Post Rock's Motion for Attorney Fees and Expenses and to Alter or Amend the Judg-

ment (Docs. 114 & 115).[1]

The court concluded in its order of October 26, 1998, that an award of attorney fees in this case "would be unjust because the matter was not timely raised." The court noted that the first mention of attorney fees was in plaintiff's brief filed the day before trial and that "[p]laintiff did not mention § 1983, § 1988 or a claim for attorney fees in the complaint, the amended complaint or the pretrial order." Plaintiff now argues that the court erred because under Rule 54(d)(2) a claim for attorney fees is to be raised by post-trial motion and because Rule 54(c) provides that the judgment shall include all relief to which the party is entitled even if it was not demanded in the pleadings.

■ After considering the arguments and authorities cited by the plaintiff, as well as the defendant's responses thereto, the court agrees with plaintiff that the claim for attorney fees is not barred by the failure to include it in the complaint or pretrial order. Rule 54(d)(2)(A) provides: "Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Rule 54(d)(2)(B) requires the motion to be filed no later than 14 days after entry of judgment. In this case, plaintiff's motion was filed within this 14 day period and was therefore timely. Moreover, as plaintiff points out, Rule 54(c) provides that "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings."

■ Although there are few cases dealing with this issue, the authorities cited by plaintiff indicate that statutory attorney fees may be awarded under Rule 54(c) even if such fees were not claimed in the complaint or pretrial order. In *Rural Tel. Service Co. v.*

*Feist Publications, Inc.,* No. 83–4086, 1992 WL 160890 (D.Kan. June 18, 1992), Judge Rogers adopted the reasoning of "those courts that have relied upon Rule 54(c) in allowing attorney's fees, even if a party has not specifically requested them, particularly where there is no prejudice to the opposing party." *Id.* at *1.[2] In *Atchison Casting Corp. v. Dofasco, Inc.,* No. 93–2447, 1995 WL 655183 (D.Kan.1995), Judge Lungstrom denied a claim for attorney fees in a contract dispute because the fees were not claimed in the pretrial order. In doing so, however, he distinguished cases "where the parties knew or should have known an attorneys' fees award could issue," such as where the complaint asserts claims involving a federal statute for which § 1983 provides a remedy, triggering attorney fees under § 1988. *Id.* at *5 (*citing Thorstenn v. Barnard,* 883 F.2d 217, 218 (3rd Cir.1989)) (claim for attorney fees under § 1988 not barred even though plaintiff did not mention § 1983 in her complaint). *See also Herring v. Oak Park Bank,* No. 95–2623, 1997 WL 458417, n. 1 (D.Kan., July 3, 1997). Clearly, the failure to plead a claim for attorney fees will bar recovery if the fees constitute "special damages" that must be proven at trial. *See Scherman v. Liberty Air Power, Inc.,* No. Civ.A. 92–2211, 1994 WL 675323 (D.Kan., Nov. 17, 1994) (in breach of contract action, claim for attorney fees were in the nature of special damages that must be pleaded). *See also* Fed. R.Civ.P. 9(g). But in this case, the attorney fees are claimed as recoverable costs and not as an element of the damages suffered.

■ The court concludes that plaintiff's motion to alter or amend the judgment pursuant to Rule 59(e) should be granted to permit a claim for attorney fees.

■ *Procedure.* The current posture of the case gives rise to an unfortunate complication. Both parties previously filed notices

---

1. The judgment in this case was entered November 10, 1998. (Doc. 113). Plaintiff's initial Motion for Attorney Fees and to Amend the Judgment (Doc. 114) was also filed on November 10, 1998. An amended motion and a memorandum in support (Doc. 115) were filed on November 19, 1998.

2. The courts have recognized that "a substantial increase in [a party's] potential ultimate liability can constitute specific prejudice barring additional relief under Rule 54(c)." *Dofasco,* 1995 WL 655183 at *5. The defendant has not made a showing of prejudice in this case sufficient to bar recovery of attorney fees.

of appeal of the judgment entered on November 10, 1998. The court directs the parties' attention to Rule 4(a)(4) of the Federal Rules of Appellate Procedure, which provides that the time for appeal runs from the entry of the order disposing of a timely motion under Rule 59. Because the defendant filed such a motion, the time for appeal has not yet begun to run. Given the current situation, it seems advisable to include all issues, including the question of attorney fees, in a single final judgment. Rule 58 permits the court in these circumstances to order that a timely motion for attorney fees under Rule 54(d)(2) have the same effect as a motion under Rule 59—in other words, the court may extend the time at which an appeal begins to run (both as to the merits and the issue of attorney fees) until the entry of a final ruling on attorney fees. *See* Fed.R.App.P. 4(a)(4)(D). Pursuant to Rule 58, therefore, the court will order that plaintiff's pending motion for attorney fees have the same effect as a motion under Rule 59, and the time for appeal of all issues will not begin to run until the court has entered a final order disposing of plaintiff's motion for attorney fees.

Under the circumstances, the court will grant the plaintiff until January 6, 1999, to file the appropriate memorandum in support of its claim for attorney fees. Defendant shall have ten days in which to file a response. *See* D.Kan.R. 54.2.

*Conclusion.*

Plaintiff's Motion for Attorney Fees is taken under advisement. Plaintiff's Motion to Alter or Amend the Judgment will be GRANTED to the extent set forth above. Plaintiff's Motion for Extension of Time to file a Memorandum on Attorney Fees is GRANTED to the extent set forth above. After the court rules upon the issue of attorney fees, it will direct the clerk to enter an amendment judgment. Pursuant to Rule 58, the time for appeal shall not begin until the court has fully resolved the motion for attorney fees. IT IS SO ORDERED.